IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHNNY LEE CROOKER, #16718-03,** : | |
|     **Plaintiff,** : | |
| **vs.** : | **CIVIL ACTION 18-0462-KD-N** |
| **CITY OF MOBILE POLICE DEPARTMENT,** *et al.*, : | |
| : | |
|     **Defendants.** | |

## REPORT AND RECOMMENDATION ON AMENDED COMPLAINT

Plaintiff, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**I. Proceedings.**

This action is before the Court on Plaintiff's Amended Complaint (Doc. 9), which he filed after the undersigned entered a Report and Recommendation recommending the dismissal of his original complaint for failure to state a claim upon which relief can be granted as well as inviting him to file an amended complaint for the purpose of stating a claim.  (Doc. 6).  Because Plaintiff filed an amended complaint, Chief Judge DuBose declined to adopt the initial Recommendation and referred the amended

complaint to the undersigned for consideration pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 10).

In the original § 1983 complaint, Plaintiff sued an unknown police officer with the City of Mobile Police Department ("MPD") and an unknown tow-truck operator with West's Towing-Lockout ("West") for injuries he sustained and for damages to his truck and trailer when the operator attempted to drive Plaintiff's vehicle onto the roll-back wrecker without disengaging the trailer, causing it to be propelled backward at high rate of speed and to collide with the police vehicle in which he was being held. (Doc. 6 at 1-2). The prior recommendation of dismissal was based on the tow-truck operator not being a state actor, the police officer being unidentified and therefore a fictitious party, and negligence being the basis for Plaintiff's claims, which is not recognized as a viable theory of liability under § 1983. (*Id.* at 5-7).

Plaintiff accepted the invitation to file an amended complaint for the purpose of stating a claim against these Defendants. (Doc. 6 at 8, citing *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991); Doc. 9)). In the amended complaint, Plaintiff names the MPD and West as Defendants, the apparent employers of the unknown Defendants in the original complaint. (*Id.* at 6). The claims against these new Defendants are based on the incident in his original complaint. In the amended complaint, according to Plaintiff, he "was approached by a City of Mobile Police Officer, doing business as (d/b/a/) the City of Mobile Police [D]epartment." while he stopped for fuel at a gas station. (*Id.* at 4). Plaintiff was informed that there was an outstanding federal warrant against him, that his truck and sixteen-foot utility trailer with contents were being impounded, and that his passenger could not take possession of them. (*Id.*).

2

The arresting officer contacted dispatch for removal of Plaintiff's truck and trailer. (*Id.*). "[D]ispatch contacted the department[']s contractor, d/b/a Wests Towing-Lockout." (*Id.*). Plaintiff was handcuffed behind his back and placed in the police vehicle. (*Id.* at 3-4). The tow-truck operator attempted to drive Plaintiff's truck onto the incline ramp of the roll-back tow truck without first attaching cables or chains to the truck or disengaging the trailer. (*Id.* at 4). The truck became dislodged from the ramp due to the extreme weight of the attached trailer and was propelled backward down the ramp at a high-rate of speed, colliding with the police vehicle Plaintiff was in. (*Id.*). Damage occurred to the truck, trailer, and police vehicle, and medics were called to the scene. (*Id.*).

The arresting officer would not allow Plaintiff to be examined by the medics, insisting that Plaintiff remain in the vehicle's back seat. (*Id.*). Medics allegedly gave him an improper examination and recommended x-rays be taken at the jail. (*Id.*). He was transferred to another police vehicle and was taken to the jail. (*Id.*). At the jail, he informed intake of the accident and his resulting pain. (*Îd.*). He was scheduled to be seen by the medical staff the next day for x-rays. (*Id.*). The next day the medical staff saw him, and afterwards he received x-rays of his chest, instead of his neck, shoulder, and arm where he had pain. (*Id.*). His subsequent numerous complaints went unanswered, and he did not receive anything for pain. (*Id.*). A month and half later at a federal holding facility, he received proper treatment. (*Id.*). But he still has limited range of motion in his arm and shooting pain from his neck and shoulder. (*Id.*). Plaintiff has been unable to obtain a copy of the police department report documenting the accident and eventually was informed that he would need to submit a subpoena for further information. (*Id.* at 5).

Plaintiff contends that Mobile Police Department is a state agency and has a sworn duty to uphold the law and to act in accordance with their obligations. (*Id.*). That is, everyone has right to be free from harm and injury "due to the negligence and willful indifference of state actors." (*Id.)*. Plaintiff maintains that the "aforementioned actions placed numerous people at risk of injury, . . . which . . . was fortunately confined, [but] the negligence exhibited here could have easily become catastrophic . . . due to the proximity of flammable liquids and pedestrian traffic. . . ." (*Id.*). Plaintiff asserts that both state actors failed in their responsibilities to avoid creating a dangerous situation through their inattention, which resulted on damage and injury. (*Id.*).

As a consequence, Plaintiff seeks compensatory damages for the deprivation of his property and for his pain, suffering, and irreversible injury, court costs, and attorney fees. (*Id.* & *Id.* at 8).

With respect to his specific claims against Defendant MPD, Plaintiff describes his claim as being for negligence, which resulted in his injury and loss of property, as reflected in his attachment. (*Id.* at 6). Then, with respect to Defendant West, he describes his claim as "negligence resulting in injury" based on the facts in the attachment. (*Id.*).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his amended complaint (Doc. 9) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from

suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[1]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). Furthermore,

---

[1] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

5

the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Analysis.

In examining the new Defendants against whom Plaintiff lodges his amended complaint, these new Defendants, MPD and West, appear to be the employers of the two unnamed Defendants in the original complaint. (Doc. 9 at 6). That is, in the original complaint, Plaintiff named as Defendants an unknown police officer with the MPD and an unknown tow-truck operator with West. (Doc. 1 at 4). Plaintiff tries in the amended complaint to connect these new Defendants by alleging that Defendant West is a contractor for Defendant MPD. (Doc. 9 at 3). This allegation appears to be an attempt to have the Court treat West as a state actor, inasmuch as the Court, in its prior Report and Recommendation, explained the instances when a court could find a non-state actor as having acted under of color-of-state law. (Doc. 6 at 5). The mere mentioning that West is a contractor, without providing any further details, is not sufficient information for the Court to draw the conclusion that West operates under color-of-state law and is, therefore, a state actor. *See Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966 (plausibility must be shown through pleading factual content that allows the court to draw a reasonable conclusion); *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) ( "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983"); *see also Talib v. Nichols,* 2015 WL 456546, at *6 (C.D. Cal. 2015) (unpublished)

6

(finding the tow-truck driver and the tow-truck owner were private actors and, therefore, a § 1983 claim was not stated against them); *Guidetti v. Cty. of Greenville,* 2011 WL 5024287, at *8, *13 (D.S.C. 2011) (unpublished) (same); *Longmoor v. Nilsen,* 312 F. Supp.2d 352, 357, 360 (D. Conn. 2004) (same).

Despite this lone allegation of West being a contractor with the MPD, there are still issues present in the amended complaint that keep the amended complaint from stating a claim. Defendant MPD "is not a proper legal entity that can be sued for the purposes of a § 1983 claim" and is, therefore, due to be dismissed from this action. *McCants v. City of Mobile,* 752 F. App'x 744, 747-48 (11th Cir. 2018) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)) (unpublished) (dismissing the MPD for not being a proper legal entity to sue under § 1983).[2] Nor can Defendants MPD and West be held liable for the acts of their employees under § 1983. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (a defendant in a § 1983 action cannot be held liable solely for the actions of a subordinate or an employee on the basis of vicarious liability or *respondeat superior*). Considering that Plaintiff's allegations in the amended complaint only concern the acts of the employees of MPD and West, a claim has not been stated against Defendants MPD and West. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.") (quotation and quotation marks omitted).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

Moreover, in the prior Report and Recommendation, Plaintiff was informed that negligence cannot form a basis for liability in a § 1983 action. (Doc. 6 at 7). Nonetheless, in the amended complaint, he describes his claims against each Defendant as being based on negligence. (Doc. 9 at 6). Then, in his description of his claims, he also states that there was "negligence exhibited in the actions described here" (*Id.* at 5 ¶2), and "the damages and injury . . . resulted from their inattention," (*Id.*). Additionally, he opines that "every-one has a perfect right to be free from harm, injury, and real offence, the denial of this security due to the negligence and willful indifference of STATE actors which are sworn to uphold the law(s)," but this digression is not connected to a claim of his. (*Id.* at 5 ¶1).

The Court will not accept without review Plaintiff's conclusion that the complained of actions were negligent. Instead, the Court will assess whether the actions complained of appear to be negligent. However, upon review of the amended complaint's allegations, the Court finds that the actions described by Plaintiff do appear to be negligent actions. Negligence, however, does not serve as a basis for liability under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) (the "negligent act of an official causing unintended loss of or injury to life, liberty, or property" is simply not implicated under the Constitution).

Furthermore, Plaintiff is advancing a claim for the loss of his property. The Fourteenth Amendment protects against deprivations of life, liberty, or property by a state without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). But "[n]othing in [the Fourteenth Amendment] protects against

all deprivations of life, liberty, or property by the State.  [It] protects only against deprivations without due process of law."  *Id.* (quotation marks omitted).

A deprivation of property that is the result of a state actor's lack due care or negligence does not violate the Fourteenth Amendment.  *Daniels,* 474 U.S. at 333, 106 S.Ct. at 666.  And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984).  When a pre-deprivation hearing is impractical due to the "random, unauthorized act by a state employee," a post-deprivation remedy satisfies due process because it is impossible for the State to know beforehand of the deprivation.  *Id.*  Some post-deprivation remedies that have satisfied due process are administrative procedures, *Parratt,* 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary state tort litigation procedures, *Hudson,* 468 U.S. at 535, 104 S.Ct. at 3204.  Therefore, in order for this deprivation to be reviewable in this Court, Plaintiff must establish that no adequate post-deprivation procedure was available to him at the time of the deprivation.  *Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that no due process claim was stated because the plaintiffs did not address the unavailability of an adequate post-deprivation remedy).  However, Plaintiff did not allege that an adequate post-deprivation was not available to him at the time of the deprivation.

In the action at hand, the seizing of the truck and trailer and their damaging coincided with Plaintiff's arrest.  Thus, no opportunity was available to conduct a pre-deprivation hearing.  But remedies under Alabama tort law, which satisfy due process,

9

were available to Plaintiff, and Plaintiff does not contend otherwise. *Houston v. Alabama,* 2013 WL 4777198, at *4 (N.D. Ala. 2013) (finding that the seizure of money from a robbery by City of Birmingham police officers was not without due process because a meaningful post-deprivation remedy was available through an adequate state tort remedy) (unpublished). Moreover, during the course of criminal proceedings brought by the State of Alabama, a motion for the return of property may be filed pursuant to Rule 3.13 of the Alabama Rules of Criminal Procedure. *Dupree v. City of Phenix City,* 2011 WL 6778799, at *4 (M.D. Ala. 2011) (unpublished).

## IV. Conclusion.

Based on the foregoing reasons, Plaintiff's amended complaint (Doc. 9) has failed to state a claim under § 1983 upon which relief can be granted. Therefore, the amended complaint is due to be dismissed pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). Inasmuch as an amended complaint supersedes the original complaint, this action is due to be dismissed without prejudice, prior to service of process, for failure to state a claim upon which relief can be granted. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.")(quotation and quotation marks omitted); *cf. Hughley v. Lee Cty., Ala.,* 2015 WL 4094461, at *2 (M.D. Ala. 2015) (unpublished) (recommending the denial of the amended complaint).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

     **DONE** and **ORDERED** this 8th   day of July, 2019.


                                                    s/ KATHERINE P. NELSON
                                                    UNITED STATES MAGISTRATE JUDGE